SECOND DIVISION
DECEMBER 15, 2009

1-09-0367

| | | |
|---|---|---|
| AMERICAN SERVICE INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CH 13990 |
| | ) | |
| DAVID FRANCHINI and CAROLINA FRANCHINI, | ) | Honorable |
| | ) | Peter Flynn, |
| Defendants-Appellants. | ) | Judge Presiding. |

PRESIDING JUSTICE CUNNINGHAM delivered the opinion of the court:

Defendants David and Carolina Franchini (collectively, the Franchinis), who are brother and sister, appeal from an order of the circuit court of Cook County denying their motion for leave to file a late counterclaim to the declaratory judgment action filed against them by plaintiff American Service Insurance Company (ASI). David Franchini (David) was the policyholder on an automobile insurance policy written by ASI. Carolina Franchini (Carolina) was driving David's automobile when she collided with an automobile owned by Takena and Nathan Wright (the Wrights) and driven by Takena Wright. The Wrights subsequently sued the Franchinis for personal injuries and damages arising from that collision. The declaratory judgment action brought by ASI sought a declaration that David[1] had defrauded ASI by failing to inform ASI in his insurance application that Carolina lived with him and frequently drove his automobile. On that basis, ASI sought to have its insurance policy

---

[1]ASI also named the Wrights as defendants, but a default judgment was obtained against them and they are not parties to this appeal.

with David declared void *ab initio,* eliminating any obligation that ASI had under the policy with respect to the collision between the automobiles driven by Carolina and Takena. In their proposed counterclaim, the Franchinis sought a declaration that ASI had engaged in unreasonable and vexatious conduct by denying insurance coverage to them without thoroughly investigating the matter. The circuit court of Cook County denied the Franchinis leave to file the proposed counterclaim, and this appeal ensued. We affirm.

BACKGROUND

The relevant underlying facts are undisputed. On October 30, 2004, ASI issued a personal automobile insurance policy to David on his 1997 Ford Expedition. The policy period was October 31, 2004, to October 31, 2005. During this period, on March 8, 2005, Carolina was driving David's automobile with his permission when she collided with the Wrights' automobile, driven by Takena, at an intersection in Ottawa, Illinois. The Franchinis reported the accident to ASI that same day. On March 7, 2007, the Wrights filed a complaint against the Franchinis, seeking $25,000 for personal injuries to Takena and property damage to their automobile arising out of the March 8, 2005 collision between David's automobile and the Wrights' automobile.

On April 5, 2005, ASI rescinded its insurance policy issued to David, based on his alleged fraud. Nonetheless, ASI later provided legal representation for the Franchinis in the lawsuit filed against them by the Wrights on March 7, 2007. However, ASI reserved the right to cease that representation if it determined that David had made material misrepresentations when he applied for the insurance policy with ASI prior to the automobile collision. There is evidence in the record that shortly after the accident, Carolina told an ASI investigator that she lived with David and

2

frequently drove David's automobile prior to the accident. Subsequently, in her deposition, Carolina denied having made this statement and denied that she had driven David 's automobile on any other occasion, either before or after the accident. She also denied living with David at the time of the accident. However, an Illinois traffic control report filed after the accident lists the same home address for Carolina and David .

On March 4, 2007, ASI filed this declaratory judgment action in the circuit court of Cook County against Carolina and David individually. Carolina and David first represented themselves *pro se*, filing separate answers, with no counterclaim, on July 20, 2007 (Carolina), and July 23, 2007 (David ). The Franchinis, both Carolina and David, later obtained the representation of the law firm of Sanchez, Daniels & Hoffman, LLP, on November 16, 2007, and were granted leave to file an amended answer or otherwise plead on or before December 7, 2007, but they did not do so, nor did they seek leave to file a counterclaim. The law firm of Jump & Associates was later substituted as counsel for the Franchinis on February 25, 2008. No amended pleadings or counterclaim was filed by the successor law firms. Indeed, throughout the proceedings in the circuit court, the Franchinis relied upon their original *pro se* responsive pleadings. The Franchinis did not seek leave to file a counterclaim until May 14, 2008, over 19 months after ASI filed its declaratory judgment action and almost 10 months after the Franchinis filed their *pro se* responsive pleadings.

ASI opposed the attempt by the Franchinis to file the counterclaim on May 8, 2008. ASI asserted that it was untimely and that it failed to state a cause of action. The trial court did not specifically rule on the timeliness argument advanced by ASI, but did find that the counterclaim failed to allege facts establishing any vexatious or unreasonable conduct by ASI in its defense of the

3

Franchinis. In other words, the counterclaim failed to state a cause of action under section 155 of the Insurance Code. 215 ILCS 5/155 (West 2006). The trial court also noted that ASI had represented to the court that it had reached a tentative settlement with the Wrights in the underlying lawsuit by the Wrights against the Franchinis, and that upon successful resolution of that settlement, ASI would seek dismissal of its declaratory judgment action against the Franchinis. However, after the Franchinis sought leave to file the counterclaim in question, ASI ceased its settlement negotiations with the Wrights. The trial court later denied the Franchinis' motion for leave to file the counterclaim[2] in question. Subsequently, during the pendency of the Franchinis' motion for reconsideration of the trial court's denial of leave to file a counterclaim, ASI voluntarily dismissed its complaint for declaratory judgment against the Franchinis in anticipation of a settlement with the Wrights. The Franchinis appeal from the circuit court's denial of leave to file the counterclaim against ASI pursuant to section 155 of the Illinois Insurance Code. 215 ILCS 5/155 (West 2006).

ANALYSIS

The Franchinis based their proposed counterclaim upon section 155 of the Illinois Insurance Code, which provides for monetary sanctions in insurance coverage actions involving issues of liability under an insurance policy, the amount of the loss, or unreasonable delay in settling a claim if "it appears to the court that such action or delay is vexatious and unreasonable." 215 ILCS 5/155 (West 2006). Preliminarily, we note that the Franchinis' counterclaim was not timely filed, coming

---

[2]The Franchinis' proposed counterclaim had a second count seeking a declaration that ASI was bound to represent them under David's insurance policy. The trial court held that this count was inherently part of the ASI declaratory judgment action and thus was superfluous in a counterclaim. The Franchinis have not appealed that ruling, and we will not consider it further.

as it did over 19 months after ASI filed its declaratory judgment action against the Franchinis. Counterclaims should be part of the answer or response filed by a defendant. 735 ILCS 5/2-608(b) (West 2006). No counterclaim accompanied the Franchinis' July 20 and July 23, 2007 responses to the declaratory judgment complaint filed by ASI. Nor did they seek leave to file an amended response or a counterclaim when they subsequently obtained the services of the Sanchez law firm, or when they substituted the Jump law firm as counsel. Under these circumstances it is within the discretion of the trial court whether to allow the late filing of a counterclaim for relief under section 155 of the Illinois Insurance Code, and the trial court's exercise of its discretion will only be overturned if it is found to have abused its discretion. Siwek v. White, 388 Ill. App. 3d 152, 158-60, 905 N.E.2d 278, 284-85 (2009).

It is insufficient for a party to merely assert that the other party's actions were "vexatious and unreasonable" without also alleging facts supporting such a claim. American Alliance Insurance Co. v. 1212 Restaurant Group, L.L.C., 342 Ill. App. 3d 500, 511, 794 N.E.2d 892, 901 (2003). It is instructive to review examples of conduct which Illinois courts have held to constitute vexatious and unreasonable actions or delay. In one example, an insurance company forced an insured to sue to establish recovery where the company unsuccessfully filed five sets of affirmative defenses, ultimately resulting in dismissal of those defenses with prejudice. Siwek, 388 Ill. App. 3d at 160, 905 N.E.2d at 285. In another example, an insurance company delayed payment solely on the basis of a clearly erroneous legal construction. Janes v. Western States Insurance Co., 335 Ill. App. 3d 1109, 1116-17, 783 N.E.2d 37, 42-44 (2001). In yet another example, an insurance company failed to notify its insured that the company possessed a conflict of interest in defending the underlying tort

action, and continued to represent its insured for three years despite efforts by the insured to obtain other counsel. Williams v. American Country Insurance Co., 359 Ill. App. 3d 128, 141-42, 833 N.E.2d 971, 982 (2005). Lastly, an insurance company was found to have breached its duty to defend when it failed to respond to its insured's demands for coverage and also failed to file a declaratory judgment action to determine coverage or to defend its insured under a reservation of rights. La Grange Memorial Hospital v. St. Paul Insurance Co., 317 Ill. App. 3d 863, 869, 740 N.E.2d 21, 29-30 (2000).

The allegations of vexatious and unreasonable conduct by ASI asserted in the Franchinis' proposed counterclaim fall far short of the types of specific and egregious acts illustrated by the cases cited. The Franchinis erroneously state that ASI denied them a defense and indemnification because ASI alleged that David had misrepresented information on his insurance application. But in fact, despite evidence of such a misrepresentation by David, ASI defended the Franchinis against the lawsuit filed by the Wrights, while reserving its right to cancel coverage should fraud or material misrepresentation by David be established. ASI also filed this declaratory judgment action to have a court of law determine whether there had been such fraud or material misrepresentation. These actions by ASI are precisely those endorsed by our supreme court in Employers Insurance of Wausau v. Ehlco Liquidating Trust, 186 Ill. 2d 127, 153, 708 N.E.2d 1122, 1136 (1999), and in La Grange, 317 Ill. App. 3d at 869, 740 N.E.2d at 29, as those which a responsible insurance company should take. These same actions by ASI negate the claims of the Franchinis that ASI failed to investigate Carolina's residency before denying insurance coverage and ignored documents establishing that Carolina did not live with David. As we have noted, from the first days after the collision between

the automobiles belonging to David and the Wrights, there was evidence that Carolina had been living with David and driving his automobile on a regular basis. One ASI investigator reported that Carolina had admitted to him that she had been living with David and driving his automobile. The Illinois traffic control report filed as a result of the accident also showed that the Franchinis lived at the same address. Faced with Carolina's subsequent deposition testimony denying these earlier statements, ASI did the responsible thing by proceeding with the Franchinis' defense with a reservation of its right to deny coverage if its investigation revealed fraud or material misrepresentation. ASI also sought a declaratory judgment regarding David's coverage. Contrary to the allegations of the Franchinis in their proposed counterclaim, the fact that they were required to defend themselves in ASI's declaratory judgment action was a necessary part of the procedural process by which ASI sought to have a court of law determine its obligations to David under the policy of insurance. ASI alleged, and the Franchinis do not deny, that different rates may have applied to David's insurance policy had he disclosed that Carolina regularly drove his automobile. We find no abuse of discretion in the trial court's determination that the allegations in the Franchinis' proposed counterclaim did not state a claim upon which relief could be granted under section 155 of the Illinois Insurance Code. Accordingly, the trial court properly refused to allow the late filing of the Franchinis' counterclaim.

We affirm the judgment of the circuit court of Cook County.

Affirmed.

THEIS and KARENZIS, JJ., concur.