No. 1-06-0538                                          First Division
                                                              Filed: 8-6-07

PELETON, INC., an Illinois Corporation,        )      Appeal from the
                                               )      Circuit Court of
                 Plaintiff-Appellant,          )      Cook County.
                                               )
                                               )
         v.                                    )      No. 00 CH 12761
                                               )
McGIVERN'S, INC., d/b/a Great Godfrey          )      .
Daniels, an Illinois Corporation, TIMOTHY P.   )
McGIVERN, and CHICAGO TITLE AND TRUST )
COMPANY AS TRUSTEE, u/t No. 33969,             )      Honorable
         .                                     )      Peter Flynn,
                 Defendants-Appellees.)        Judge Presiding.

         JUSTICE ROBERT E. GORDON delivered the opinion of the court:

         This case is about attorney fees. After a bench trial, the circuit court of Cook County found

for plaintiff on two of the seven counts in its complaint. Defendants have not appealed that finding

and thus the issues of the underlying lessor-lessee dispute are not at issue in this appeal.

         On November 22, 2005, the trial court denied plaintiff's petition for attorney fees and ordered

plaintiff and defendant McGivern's, Inc., to each pay half of the attorney fees of defendant Chicago

Title and Trust Company. On January 24, 2006, the trial court determined that the amount of the

attorney fees award to the trust company was a total of $23,013.04 and ordered plaintiff and

defendant McGivern's to each pay half.

         Only plaintiff has appealed the attorney fees award. On appeal, plaintiff does not dispute the

reasonableness of the amount of the awarded fees, but contests only the trial court's decision to

award them and to deny them to plaintiff. For the reasons discussed below, the judgment of the trial

court is affirmed.

No. 1-06-0538

BACKGROUND

In a lease dated September 1, 1987, defendant Chicago Title and Trust Company, as trustee under trust No. 33969, leased the subject property known as 10027 Skokie Boulevard, Skokie, Illinois, to defendant McGivern's, Inc. On May 20, 1996, defendant McGivern's, Inc., subleased the subject property to plaintiff, Peleton, Inc. Both defendant McGivern's and plaintiff are Illinois corporations. Defendant Timothy McGivern is the president of McGivern's and negotiated and executed the sublease on behalf of defendant McGivern's.

In the sublease, plaintiff agreed to pay attorney fees under the following conditions:

"Sublesee agrees to indemnify, defend and hold harmless Lessor and its beneficiaries, Sublessor and each of their respective partners, agents and employees, from and against any and all claims, demands, costs and expenses of every kind and nature, including attorneys' fees and litigation expenses, arising from Sublessee's occupancy of the Premises during the term of this Sublease or from its breach or default on the part of the Sublessee in the performance of any agreement or any covenant of Sublessee to be performed or performed under the Lease or this Sublease or pursuant to the terms of the Lease or this Sublease, or from any act or neglect of Sublessee or its agents, officers, employees, guests, servants, invitees or customers in or about the Premises." (Emphasis added.)

2

In the sublease, defendant McGivern's agreed to pay attorney fees under the following conditions:

"Sublessor agrees to indemnify and hold harmless Sublessee and its agents, partners, officers, directors, shareholders and employees from any and all claims, liabilities, demands, causes of action, costs and expenses of every kind and nature, <u>including attorneys' fees</u> and litigation expenses arising from or attributable to Sublessor's occupancy of the Premises through the date of Closing or from any breach by Sublessor of any of its warranties, representations or covenants contained herein or from any act or neglect of Sublessor or its agents, officers, employees, guests, servants, invitees or customers." (Emphasis added.)

In addition, both defendant McGivern's and plaintiff agreed in the sublease:

"All costs and expenses incurred by a non-defaulting party in enforcing the terms and provisions of the Lease or this Sublease shall be paid by non-prevailing party immediately upon demand therefor."

On August 30, 2000, plaintiff sued defendants McGivern's and Chicago Title and Trust Company seeking a declaratory judgment to enforce the terms of the sublease and other equitable relief. On February 7, 2003, plaintiff amended its complaint to add Timothy McGivern, president of defendant McGivern's, as a defendant. The amended complaint contained seven counts. The first three counts sought a declaratory judgement that plaintiff had a right to remain in the subject property

because: (1) the sublease would not expire until August 31, 2005; (2) Peleton exercised its option to extend the sublease; and (3) "McGivern waived his right to take possession of the property and to written notice." Counts IV, V and VI were for unjust enrichment, equitable estoppel and reformation of contract. Count VII was against defendant Timothy McGivern alone and sought $1 million in damages for tortious interference with contract. In its answer, defendant McGivern's included a counterclaim that sought immediate possession of the subject property, double the rent since September 23, 2000, and attorney fees and costs.

After a bench trial, the trial court issued an oral ruling on July 7, 2005, which was later embodied in an order dated August 23, 2005. The trial court declared that plaintiff had the right to remain in the subject premises until August 31, 2005. The court entered judgment in favor of plaintiff on counts II and III and on defendant's counterclaim; dismissed as moot counts I, IV, V and VI; and entered judgment in favor of defendant Timothy McGivern on count VII

On July 7, 2005, the trial court orally granted the oral motion of defendant Chicago Title and Trust Company to file a petition for attorney fees under the lease. In its August 23rd order, the trial court permitted any party wishing to file a petition for attorney fees to do so and set a hearing on fee petitions for October 26, 2005. In an order dated November 22, 2005, the trial court held, "for the reasons stated in open court," that plaintiff's fee petition was denied and defendant Chicago Title and Trust Company's petition was granted. Although the orders of August 23 and November 22, 2005, indicate that the court held a hearing concerning the fee petitions and stated in open court the reasons for its fee rulings, the record on appeal does not include a copy of the hearing transcript.

In the November 22, 2005 order, the trial court ordered the parties to submit additional briefings on the issue of the reasonableness of the attorney fees sought by the defendant trust company. On January 24, 2006, the trial court awarded the trust company $23,013.04 in attorney fees and ordered plaintiff and defendant McGivern's each to pay half the amount. In ordering plaintiff and defendant McGivern's each to pay half, the trial court noted: "Neither is entirely free from fault here; neither is entirely to blame."

ANALYSIS

Standard of Review

"Generally, a trial court's decision to award attorney fees is not reversed absent an abuse of discretion." Guerrant v. Roth, 334 Ill. App. 3d 259, 262 (2002), citing Pietrzyk v. Oak Lawn Pavilion, Inc., 329 Ill. App. 3d 1043, 1046 (2002); Mirar Development, Inc. v. Kroner, 308 Ill. App. 3d 483, 485 (1999) (normally an award of attorney fees "will not be reversed on review unless the court abused its discretion"). "The rationale for this standard is that a party challenging a trial court's decision regarding attorney fees is actually challenging the trial court's discretion in determining what is reasonable." Guerrant, 334 Ill. App. 3d at 262-63, citing Pietrzyk, 329 Ill. App. 3d at 1046.

However, the parties on appeal do not contest the reasonableness of the trial court's decision concerning the amount of the attorney fees. Instead, plaintiff contests the trial court's conclusion that the lease and sublease gave the trial court the authority either to award defendant Chicago Trust and Title Company attorney fees or to deny them to plaintiff. Thus the normal rationale does not apply.

Our standard of review in the case at bar is twofold. First, to the extent that the trial court interpreted the terms of the lease and sublease, our review is de novo. This court has held that

"[w]here the trial court [has] determined the construction of the *** agreement as a matter of law, we construe the contract unrestrained by the trial court's judgment, and our standard of review is <u>de novo</u>." <u>Guerrant</u>, 334 Ill. App. 3d at 263; <u>Pietrzyk</u>, 329 Ill. App. 3d at 1047 ("Because the plaintiff here is not disputing the trial court's calculations [of attorney fees], but is contending only that the trial court misapplied the law, *** the standard of review is <u>de novo</u>"); <u>Mirar</u>, 308 Ill. App. 3d at 485 (attorney fees award was reviewed <u>de novo</u> "[w]here facts are uncontroverted and the issue is the circuit court's application of the law").

Second, to the extent that the trial court applied the terms of the contract to the facts, our review is based on an abuse of discretion standard. At issue in this case is whether the defendant qualified as a "non-prevailing party," a finding that the sublease required before the court could award attorney fees. This court reviewed almost the exact same issue in <u>Powers v. Rockford Stop-N-Go, Inc.</u>, 326 Ill. App. 3d 511 (2001). In <u>Powers</u>, the term "prevailing party" was in a lease as a prerequisite to the award of attorney fees. With respect to the appropriate standard of review, this court in <u>Powers</u> held:

> "Whether either party prevailed or compelled the other to obey the
> lease in the trial court below involves an application of the facts to this
> principle of law. Therefore, it remains a matter committed to the
> discretion of the trial court [citation], and the question before us is
> whether the trial court abused its discretion when it determined that
> plaintiff was the prevailing party." <u>Powers</u>, 326 Ill. App. 3d at 516.

6

Defendant McGivern's failed to file an appellee's brief and defendant Chicago Title and Trust Company filed an appellee's brief without citation to cases or statute. The Illinois Supreme Court has held that when a reviewing court lacks an appellee's brief, it may still decide the issues, if they are clear from the record. In re Marriage of Rogers, 213 Ill. 2d 129, 135 (2004). In the instant case, the issues are clear, and we can decide them easily "without the aid of an appellee's brief." In re Marriage of Rogers, 213 Ill. 2d at 135.

Denial of Attorney Fees to Plaintiff

"Contractual provisions for an award of attorney fees must be strictly construed, and the court must determine the intention of the parties regarding the payment of fees." J.B. Esker & Sons, Inc. v. Cle-pa's Partnership, 325 Ill. App. 3d 276, 281 (2001); Jackson v. Hammer, 274 Ill. App. 3d 59, 70 (1995) (same); Myers v. Popp Enterprises, Inc., 216 Ill. App. 3d 830, 838 (1991) ("As attorney fees were specifically authorized by the contract, it was error for the trial court to fail to provide for them").

In the sublease, defendant McGivern's and plaintiff agreed that: "All costs and expenses incurred by a non-defaulting party in enforcing the terms and provisions of the Lease or this Sublease shall be paid by non-prevailing party immediately upon demand therefor" (paragraph 15 (d)). Thus, to award attorney fees to plaintiff, the trial court had to find that defendant McGivern's was "the non-prevailing party."

In its brief to the trial court on the issue of attorney fees, defendant McGivern's claimed that plaintiff was not a prevailing party because it "prevailed on only two of its seven claims (Counts II and II), lost on one of its claims (Count VII) and had its remaining four claims (Counts I, IV, V, and

VI) dismissed as moot." Defendant McGivern's claimed that it had "actually prevailed on the highest-stakes claim in the case – Pelleton's pursuit of compensatory damages for tortious interference with prospective economic advantage, damages that Pelleton alleged to exceed one million dollars."

In a written order dated November 22, 2005, the trial court denied plaintiff's fee petition "for the reasons stated in open court." Unfortunately, the record on appeal does not include a copy of the hearing transcript. Thus, this court does not know the trial court's reasons and specifically whether it accepted defendant McGivern's arguments on the "prevailing party" issue.

"The law is well settled that appellants bear the duty to 'present a record *** which fairly and fully presents all matters necessary and material for a decision of the question raised.' " Smolinski v. Vojta, 363 Ill. App. 3d 752, 757 (2006), quoting LaPlaca v. Gilbert & Wolf, Inc., 37 Ill. App. 3d 259, 260-61 (1976); In re Marriage of Sharp, 369 Ill. App. 3d 271, 274 (2006); Webster v. Hartman, 195 Ill. 2d 426, 432 (2001). "However, even if the record on appeal is incomplete, courts have held that appellate review is not precluded, where the record contains that which is necessary to dispose of the issues in the case." In re Marriage of Ward, 282 Ill. App. 3d 423, 430 (1996). "[W]hen the record on appeal is incomplete, a reviewing court should actually 'indulge in every reasonable presumption favorable to the judgment ***.' " Smolinski, 363 Ill. App. 3d at 757-58, quoting People v. Majer, 131 Ill. App. 3d 80, 84 (1985). In the case at bar, the record is sufficient for this court to dispose of the issues.

This court has held that a "prevailing party, for purposes of awarding attorney fees, is one that is successful on a significant issue and achieves some benefit in bringing suit." Esker, 325 Ill. App.

3d at 280; Jackson, 274 Ill. App. 3d at 70 (same). This case is complicated by the fact that although plaintiff succeeded on a significant issue, so did defendants.

On the one hand, a litigant does not have to succeed on all its claims to be considered a prevailing party. Powers, 326 Ill. App. 3d at 515. On the other hand, "when the dispute involves multiple claims and both parties have won and lost on different claims, it may be inappropriate to find that either party is the prevailing party." Powers, 326 Ill. App. 3d at 515.

Plaintiff prevailed on both counts II and III of its complaint; however, the trial court found that these counts raised "essentially *** the same point." In its order dated August 23, 2005, the trial court found that both counts "seek essentially the same core relief: a declaration that Pelleton has the 'right to remain as sublesee until at least August 31, 2005." In addition, plaintiff prevailed on defendant's counterclaim, which had sought immediate possession of the subject premises and double the rent after September 23, 2000. Thus, plaintiff prevailed on two claims.

Defendants prevailed on count VII, and the trial court entered judgment in favor of defendant Timothy McGivern. In count VII, plaintiff had sought $1 million in compensatory damages against defendant Timothy McGivern, who as president had negotiated and executed the sublease on behalf of defendant McGivern's. Thus, defendants also prevailed on a significant issue, namely, defendants' alleged tortious interference with contract.

In essence, the trial court's decision gave each side something: plaintiff could remain on the subject premises; and defendants did not have to pay for alleged interference with contract. In its order dated January 24, 2006, the trial court stated: "Neither is entirely free from fault here; neither

is entirely to blame." With each side prevailing on a significant issue, this court cannot find that the trial court abused its discretion in refusing to award attorney fees to plaintiff.

<u>Award of Attorney Fees to Defendant Chicago Title and Trust</u>

Plaintiff claimed that it should not have to pay half of defendant trust company's legal fees. However, since plaintiff failed to cite a case, statute or other legal authority in its appellate brief to support this claim, plaintiff waived consideration of this claim on appeal. <u>Rosier v. Cascade Mountain, Inc.</u>, 367 Ill. App. 3d 559, 568 (2006) (this court held that, by failing to offer any supporting legal authority or reasoning, plaintiffs waived consideration of their theory for asserting personal jurisdiction over defendants); <u>People v. Ward</u>, 215 Ill. 2d 317, 332 (2005) ("A point raised in a brief but not supported by citation to relevant authority *** is therefore forfeited"); <u>Ferguson v. Bill Berger Associates, Inc.</u>, 302 Ill. App. 3d 61, 78 (1998) ("it is not necessary to decide this question since the defendant has waived the issue" by failing to offer case citation or other support as Supreme Court Rule 341 requires); 210 Ill. 2d R. 341(h)(7) (argument in appellate brief must be supported by citation).

In addition, plaintiff failed to present a complete record on this issue. In its order dated November 22, 2005, the trial court granted defendant trust company's petition for attorney fees "for the reasons stated in open court." As previously noted, the record on appeal does not include a copy of the hearing transcript. Since the record on appeal is incomplete, we will " 'indulge in every reasonable presumption favorable to the judgment.' " <u>Smolinski</u>, 363 Ill. App. 3d at 757-58, quoting <u>Majer</u>, 131 Ill. App. 3d at 84..

In the order dated January 24, 2006, finding defendant trust company's attorney fees to be reasonable, the court noted its authority to award fees under article 7 of the lease and paragraphs 7 and 15 of the sublease. Article 7 provided that the lessee, defendant McGivern's, shall pay "all costs and reasonable attorney fees" if: (1) "the Lessor [defendant trust company] shall without any default on its part, be made party to any litigation commenced by or against the Lessee, and arising out of or by virtue of this lease"; or (2) if the Lessor incurred the attorney fees and costs "in enforcing the covenants and agreements of the lease." Defendant trust company was entitled to attorney fees under the express terms of article 7 because "without any default on its party" it was "made party to *** litigation commenced *** against the lessee." None of the parties alleged a default by defendant trust company; it was almost a bystander to the dispute between plaintiff and defendant McGivern's.

Paragraph 7 of the sublease bound plaintiff to the terms of the lease including article 7. Paragraph 7 provided that "Sublessee [plaintiff] hereby assumes and shall be bound by the Lease with the same rights, powers, privileges, duties and responsibilities which Sublessor has under the Lease, except as expressly set forth in this Sublease." Paragraph 15(d), as noted before, gave the court the authority to award litigation costs and expenses against a "non-prevailing party." Both plaintiff and defendant McGivern's were "non-prevailing" parties with respect to defendant trust company. As noted before, a "prevailing party, for purposes of awarding attorney fees, is one that is successful on a significant issue and achieves some benefit in bringing suit." Esker, 325 Ill. App. 3d at 280; Jackson, 274 Ill. App. 3d at 70 (same). Neither plaintiff nor defendant McGivern's prevailed on "a significant issue" against defendant trust company or achieved "some benefit" from suing it.

11

CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court.

Affirmed.

McBRIDE, P.J. and CAHILL, J., concur.