# Illinois Official Reports

## Appellate Court

*American Service Insurance Co. v. China Ocean Shipping Co. (Americas), Inc.*,
2014 IL App (1st) 121895

| | |
|---|---|
| Appellate Court Caption | AMERICAN SERVICE INSURANCE COMPANY, Plaintiff-Appellant and Cross-Appellee, v. CHINA OCEAN SHIPPING COMPANY (AMERICAS), INC., and INTERPOOL TITLING TRUST, as Assignee of TRAC LEASE, INC., Defendants-Appellees and Cross-Appellants (Frontline Transportation Corporation, Vincent Zepeda, Kenneth Edward Lipski, Leisure Pursuits, Inc., Kenneth Allen Olson, Peter Penner, Irene Penner, Penner International Company, Ronald G. Sutfin, Carl Klemm, Inc., International Women's Association, Jane Hand, Marita Landa, Cecilia Ellis, Sonia Aladjem, Jeanette Notardonato, Olga L. Buenz, Irma Oppenheimer, Peggy Albert, Gordon Mark, Maria Mejia, Anita Yamada, Millicent Getz, Zarah Soblski, Blovail Corporation, Glaxo SmithKline, Appleton Papers, Inc., Midwest Recycling of Illinois, Yumi Ross, Nancy Knapp, Draga Vesseminovich, Carolyn Yelton, Barbara Mack, Ana Manglano, Diane Gottlieb, Unit Equipment Service of AG of Hamburg, Provena St. Joseph's Hospital, State Farm Insurance Company, d/b/a Isshi Yamada, Advocate Healthcare Systems, d/b/a Lutheran General, f/u/o Gordon Mark, Encompass Insurance Company, a/s/o Gordon and Barbara Mark, Defendants). |
| District & No. | First District, Second Division<br>Docket No. 1-12-1895 |
| Filed | March 4, 2014 |

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

In a dispute over plaintiff insurer's obligation to pay for the defense of an underlying action arising from a multivehicle accident that resulted in numerous deaths and injuries caused by the driver of a truck insured by plaintiff, plaintiff's request for discovery as to funds the owners and lessors of the truck received from others in connection with their defense costs was properly denied on the ground that plaintiff was barred from relitigating that issue by the law of the case doctrine, plaintiff failed to raise any issues warranting an evidentiary hearing on defendants' supplemental fee petition, the doctrine of *res judicata* did not bar defendants' recovery of fees in their supplemental fee petition and prejudgment interest, the denial of plaintiff's motion to reconsider was not an abuse of discretion, and defendants' requests for sanctions under section 155 of the Insurance Code and Supreme Court Rule 375(b) were properly denied.

Decision Under
Review

Appeal from the Circuit Court of Cook County, No. 04-CH-3337; the Hon. Mary Mikva, Judge, presiding.

Judgment

Affirmed.

Counsel on
Appeal

Edward F. Ruberry, James J. Berdelle, and David S. Allen, all of Ruberry, Stalmack & Garvey LLC, of Chicago, for appellant.

Thomas M. Crisham, John P. O'Malley, Clare J. Quish, and Michael J. Faley, all of Schuyer Roche & Crisham, P.C., of Chicago, for appellees.

Panel

JUSTICE SIMON delivered the judgment of the court, with opinion. Justices Pierce and Liu concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, American Service Insurance Company, appeals from orders of the circuit court of Cook County denying its motion to take discovery regarding the supplemental fee petition filed by defendants, China Ocean Shipping Company (Americas), Inc. (COSCO), and Interpool Titling Trust (Interpool); granting the supplemental fee petition; and denying plaintiff's motion to reconsider the orders denying its request for discovery and granting the

supplemental fee petition. COSCO and Interpool cross-appeal from the court's order denying their request for attorney fees and costs under section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 2010)). On appeal, plaintiff contends that the court abused its discretion by denying plaintiff's request for discovery on the basis of the law of the case doctrine, denying plaintiff's request for an evidentiary hearing on the supplemental fee petition, failing to make any findings as to the reasonableness of the fees set forth therein, and denying plaintiff's motion to reconsider. On cross-appeal, COSCO and Interpool contend that the court erred by denying their request for attorney fees and costs under section 155 of the Insurance Code because all of plaintiff's claims and arguments made in response to the supplemental fee petition had been repeatedly rejected by this court and the circuit court in prior proceedings and that this court should award attorney fees and costs incurred in defending this appeal pursuant to section 155 and Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) because plaintiff's appeal is frivolous and brought in bad faith. For the reasons that follow, we affirm.

¶ 2                                    BACKGROUND

¶ 3        This case arises from a multivehicle accident which occurred on October 1, 2003, and resulted in the deaths of eight people and injuries to many others. Multiple lawsuits were filed against Vincent Zepeda; his employer, Frontline Transportation (Frontline); and COSCO and Interpool, which allegedly owned, leased, maintained, and/or controlled the trailer Zepeda was hauling when the accident occurred.

¶ 4        On February 24, 2004, plaintiff filed a complaint in which it asserted that Frontline and Zepeda were insureds under a policy it had issued which contained a liability limit of $1 million and that it was seeking to provide the court with the entire policy limit of $1 million for equitable distribution. Plaintiff requested that the court enter an order declaring that it had no further duty under the policy, including any duty to defend Frontline, Zepeda, or any other party. COSCO and Interpool filed a counterclaim, alleging that plaintiff had a contractual duty to defend them in the underlying actions and that plaintiff had breached that duty by failing to agree to pay for the costs incurred in their defense. Plaintiff subsequently filed a third amended complaint in which it sought a declaration that it had no further duty under the policy, including any duty to defend COSCO, Frontline, Zepeda, or any other party. In July 2006, the parties filed cross-motions for summary judgment, and, on January 25, 2007, the court entered an order denying plaintiff's motion for summary judgment, granting the motion for summary judgment filed by COSCO and Interpool, and declaring that plaintiff was required to defend and indemnify COSCO and Interpool in the underlying actions because they qualified as "insureds" under the policy issued by plaintiff.

¶ 5        On March 12, 2007, COSCO and Interpool filed a petition for further relief, asserting that plaintiff had failed to reimburse them for the costs and attorney fees incurred in the defense of the underlying action in violation of the court's order declaring that plaintiff had a duty to defend and indemnify them. The court granted the petition and permitted COSCO and Interpool to file a petition for fees and costs, which they filed on December 18, 2007. On May 29, 2008, the court granted the petition and ordered plaintiff to pay COSCO and Interpool $1,074,676.86 in attorney fees and costs and prejudgment interest and to pay any further attorney fees and costs incurred in the ongoing defense of the underlying actions. In doing so, the court stated that COSCO and Interpool had made a *prima facie* showing that the fees in the

petition were reasonable as the billing was detailed and there was no dispute that the bills had been paid.

¶ 6 Plaintiff appealed, contending that it did not have a duty to defend COSCO and Interpool because they were not insureds under the policy, it was relieved of any duty to defend them by its deposit of the policy limits with the court, and the award of attorney fees and costs was improper. *American Service Insurance Co. v. China Ocean Shipping Co. (Americas), Inc.*, 402 Ill. App. 3d 513, 514 (2010). This court held that plaintiff owed COSCO and Interpool a duty to defend because they were "insureds" under the relevant policy and plaintiff had actual notice of the underlying claims and that plaintiff could not discharge its duty to defend by depositing the policy limits with the court. *Id.* at 523-29. Regarding attorney fees, we held that the circuit court did not abuse its discretion by failing to conduct an evidentiary hearing on the fee petition and that the claim for attorney fees and costs was ripe for adjudication. *Id.* at 529-31. We also held that plaintiff forfeited its claims that it should not be required to pay fees incurred by COSCO prior to February 4, 2004, or fees incurred by Interpool prior to March 30, 2005, that it was not given a sufficient opportunity to conduct discovery on the reasonableness of the fee petition, that the court improperly awarded fees for office expenses and for prosecuting a cross-complaint filed by COSCO against Frontline in the underling action, and that the fee award was unreasonable in light of the costs incurred by Frontline in the underlying actions. *Id.* at 531.

¶ 7 On December 22, 2011, COSCO and Interpool filed a supplemental fee petition, seeking an order requiring plaintiff to pay $623,400.40 for attorney fees and costs incurred during the period of May 1, 2008, through October 31, 2011, and $62,193.75 in prejudgment interest for a total amount of $685,594.15. COSCO and Interpool asserted that this court's decision on appeal required plaintiff to pay attorney fees and costs incurred by COSCO and Interpool in defending the underlying actions and that plaintiff was barred from challenging the reasonableness of the legal defense costs by the law of the case doctrine and principles of *res judicata*. COSCO and Interpool also asserted that the court should impose statutory penalties pursuant to section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 2010)) because plaintiff had engaged in vexatious and unreasonable conduct throughout the litigation. COSCO and Interpool attached various invoices for legal fees incurred from May 1, 2008, through October 31, 2011, to the supplemental fee petition.

¶ 8 Plaintiff subsequently filed a request for COSCO and Interpool to produce documents, including any documents regarding any funds COSCO and Interpool received from any entity or insurance carrier other than plaintiff in connection with defense costs, bills, or invoices for which they were seeking to be indemnified by plaintiff and any tender and/or targeted tender letters they sent to plaintiff. On February 7, 2012, the court denied plaintiff's discovery requests, finding that the requested discovery was barred by the law of the case doctrine because this court had already held that plaintiff owed COSCO and Interpool a duty to defend and had affirmed the prior rulings denying plaintiff the discovery it was currently seeking.

¶ 9 On February 22, 2012, plaintiff filed a response to the supplemental fee petition in which it requested an evidentiary hearing and asserted that the fees sought in the supplemental petition were excessive when compared to the fees incurred by Frontline and Zepeda, some of the entries were unreasonable, and a number of entries constituted impermissible "block billing." Plaintiff also asserted that fees arising from a declaratory action filed by COSCO and Interpool against Frontline were not recoverable and that any fees incurred in relation to any declaratory

- 4 -

action were not recoverable. Plaintiff further asserted that COSCO and Interpool were not entitled to attorney fees under section 155 of the Insurance Code because a *bona fide* dispute existed as to coverage. COSCO and Interpool replied that many of plaintiff's objections were barred by the law of the case doctrine because they had already been considered by the circuit court and the appellate court in connection with the initial fee petition and that COSCO and Interpool were entitled to an award of attorney fees and costs under section 155 of the Insurance Code because there was no dispute regarding coverage, as that issue had already been resolved by the appellate court.

¶ 10 On March 22, 2012, the court heard argument on the supplemental petition and granted the petition, awarding $623,400.40 in attorney fees and costs and $71,977.29 in prejudgment interest for a total award of $695,377.69. In doing so, the court stated that, while plaintiff was not barred from requesting an evidentiary hearing as to the supplemental fee petition by the law of the case doctrine, such a hearing was unnecessary because plaintiff only objected to one specific entry during argument, which was adequately addressed by COSCO and Interpool, and it would be improper to allow plaintiff to "go on some sort of fishing expedition or line-by-line inquiry or day-after-day hearing on the reasonableness to fees." The court also stated that the fee entries in the supplemental fee petition did not constitute "block billing," that some entries which were recorded as relating to a declaratory judgment action were actually related to a proceeding that was part of the defense of the underlying action, and that the issue of whether plaintiff was required to pay fees arising from the action COSCO and Interpool filed against Frontline had already been decided by this court in the prior appeal and was the law of the case. The court denied the request for fees under section 155 of the Insurance Code, but noted that the issue of whether to award such fees presented a close question.

¶ 11 On April 23, 2012, plaintiff filed a motion to reconsider the orders denying plaintiff's discovery request and granting the supplemental fee petition. Plaintiff asserted that the court should have allowed it to conduct discovery regarding the fee petition, that it had discovered new evidence showing that COSCO and Interpool had not made a "targeted tender" to plaintiff and had instead tendered their defense of the underlying actions to other insurance companies, and that it was entitled to conduct discovery to determine whether COSCO and Interpool received funds from those insurers in connection with the defense of the underlying actions. Plaintiff also asserted that the court should have conducted an evidentiary hearing as to the reasonableness of the fees requested by COSCO and Interpool and the correct amount of prejudgment interest. Plaintiff attached a number of documents to its motion, including a signed affidavit by James Berdelle, one of plaintiff's attorneys, averring that he had conducted a search of current and archived cases within the chancery division of the circuit court of Cook County and discovered two lawsuits in which COSCO and Interpool sought a defense and indemnification from other insurance companies and that neither plaintiff nor plaintiff's counsel were aware of the lawsuits prior to the entry of the court's discovery order on February 7, 2012. Plaintiff also attached copies of a number of orders and pleadings from those two lawsuits.

¶ 12 COSCO and Interpool responded that plaintiff's counsel had known of the other lawsuits for years and that those cases had been dismissed and did not result in the payment of any funds to COSCO and Interpool. COSCO and Interpool asserted that, in any event, such evidence could not be relied upon in a motion to reconsider because plaintiff could have discovered the evidence of other cases prior to the entry of the court's orders. In its reply, plaintiff asserted

that it did not have knowledge of lawsuits involving other insurers and attached a signed affidavit from James Newman, an attorney for plaintiff, averring that he was not aware of the cases involving COSCO and Interpool and other insurers or that COSCO and Interpool had tendered their defense to any entity other than plaintiff. The court denied the motion to reconsider.

¶ 13                                                ANALYSIS

¶ 14                                               I. Discovery

¶ 15      Plaintiff contends that the court abused its discretion by denying plaintiff's request for discovery regarding any funds COSCO and Interpool may have received from entities other than plaintiff in connection with defense costs incurred in the underlying actions. The circuit court is afforded broad discretion in ruling on discovery matters and its decision on such matters will not be disturbed absent an abuse of that discretion. *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 16. A court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would adopt its view. *In re Marriage of Callahan*, 2013 IL App (1st) 113751, ¶ 27.

¶ 16      Plaintiff asserts that the purpose of the requested discovery was to determine whether another insurer had already paid the attorney fees and costs COSCO and Interpool were seeking to recover in the supplemental fee petition and that the discovery was relevant because COSCO and Interpool may not have exclusively tendered their defense to plaintiff and it was possible that COSCO and Interpool could receive an impermissible double recovery. COSCO and Interpool respond that plaintiff's discovery request is barred by the law of the case doctrine because the circuit court had previously denied plaintiff's request for the same discovery and that decision was affirmed on appeal. In denying the discovery request at issue, the circuit court stated that the discovery was barred by the law of the case doctrine because the issues of whether plaintiff had a duty to defend COSCO and Interpool and whether plaintiff was entitled to the discovery it was currently seeking had already been decided.

¶ 17      The law of the case doctrine bars relitigation of an issue that has already been decided in the same case (*Krautsack v. Anderson*, 223 Ill. 2d 541, 552 (2006)) such that the resolution of an issue presented in a prior appeal is binding and will control upon remand in the circuit court and in a subsequent appeal before the appellate court (*Zabinksy v. Gelber Group, Inc.*, 347 Ill. App. 3d 243, 248 (2004)). The doctrine applies to questions of law and fact and encompasses a court's explicit decisions, as well as those decisions made by necessary implication. *CNA International, Inc. v. Baer*, 2012 IL App (1st) 112174, ¶¶ 38-39. Two exceptions to the law of the case doctrine exist for when a higher reviewing court makes a contrary ruling on the same issue subsequent to the lower court's decision and when a reviewing court finds that its prior decision was palpably erroneous. *Long v. Elborno*, 397 Ill. App. 3d 982, 989 (2010). In addition, a ruling will not be binding in a subsequent stage of litigation when different issues are involved, different parties are involved, or the underlying facts have changed. *Preferred Personnel Services, Inc. v. Meltzer, Purtill & Stelle, LLC*, 387 Ill. App. 3d 933, 947 (2009).

¶ 18      Plaintiff maintains that the law of the case doctrine does not apply to its discovery request because this court did not address the issue of whether COSCO and Interpool selectively targeted their defense of the underlying actions to plaintiff and, therefore, made no determination as to whether COSCO and Interpool had received an impermissible double

recovery. The "targeted" or "selective" tender doctrine provides that an insured covered by multiple insurance policies may target or select which insurer will defend and indemnify it with regard to a specific claim. *Kajima Construction Services, Inc. v. St. Paul Fire & Marine Insurance Co.*, 227 Ill. 2d 102, 107 (2007). When an insured targets or selects an insurer to defend and indemnify it, the targeted insurer then has the sole responsibility to defend and indemnify the insured. *Chicago Hospital Risk Pooling Program v. Illinois State Medical Inter-Insurance Exchange*, 397 Ill. App. 3d 512, 532 (2010). Thus, the "targeted tender" doctrine is used to determine which insurer has the duty to defend an insured when the insured is covered by multiple insurance policies.

¶ 19    In this case, the issue of plaintiff's duty to defend was resolved on appeal when this court held that plaintiff owed COSCO and Interpool a duty to defend because they were insureds under the relevant insurance policy and plaintiff had actual notice of the underlying claims. *American Service Insurance*, 402 Ill. App. 3d at 523-25. While this court did not address the legal theories of the "target tender" doctrine or double recovery, that is because plaintiff did not raise or address those issues on appeal.[1] As such, our holding that plaintiff owed COSCO and Interpool a duty to defend is the law of the case and plaintiff is barred from relitigating that issue by now claiming that COSCO and Interpool did not exclusively tender their defense in the underlying actions to plaintiff and that they may have received a double recovery as a result. Further, the record shows that plaintiff sought discovery as to any insuring agreements issued to COSCO and Interpool at the time of the underlying accident in response to the cross-motion for summary judgment filed by COSCO and Interpool and it appears that request was denied by the court. Thus, to the extent plaintiff has already requested discovery regarding other insurance policies issued to COSCO and Interpool, the circuit court's ruling is the law of the case and bars such discovery.

¶ 20    The law of the case doctrine protects the settled expectations of the parties, ensures uniformity of decisions, maintains consistency during the course of a single case, effectuates the proper administration of justice, brings litigation to an end, and maintains the prestige of the courts. *Emerson Electric Co. v. Aetna Casualty & Surety Co.*, 352 Ill. App. 3d 399, 417 (2004). To allow plaintiff to now challenge its duty to defend on the basis of a legal theory it could have previously pursued would violate the settled expectations of the parties, threaten the uniformity of the courts' decisions, and disrupt consistency during the course of this case as to the issue of plaintiff's duty to defend. In addition, reopening this issue would prolong litigation and diminish the prestige of the courts by undermining the finality of this court's decisions. As plaintiff has not contended that this court's prior ruling has been overruled by a subsequent holding of a higher court or that our decision is palpably erroneous, we need not consider whether either of the two recognized exceptions to the law of the case doctrine are applicable in this case. We conclude that the circuit court did not abuse its discretion by

---

[1]Plaintiff has not asserted that the underlying facts have changed as to the manner in which COSCO and Interpool tendered their defense of the underlying actions since the previous appeal and, in any event, this theory was available to plaintiff during the earlier proceedings in this case as the "targeted tender" doctrine has been recognized in Illinois since 1992 (see *Kajima*, 227 Ill. 2d at 107-12 (discussing the development of the law on the issue)) and the order cited by plaintiff in its reply brief in support of its claim that COSCO and Interpool had tendered their defense to other insurers was entered over a year before plaintiff filed its notice of appeal in the prior appeal.

denying plaintiff's discovery request because plaintiff was seeking discovery as to issues it was barred from relitigating by the law of the case doctrine.

¶ 21                                    II. Supplemental Fee Petition
¶ 22                                    A. Evidentiary Hearing
¶ 23        Plaintiff contends that the circuit court abused its discretion by granting the supplemental fee petition without first conducting an evidentiary hearing. COSCO and Interpool respond that plaintiff was not entitled to an evidentiary hearing because it did not identify any evidentiary issues which warranted such a hearing. A circuit court's order awarding attorney fees generally will not be disturbed absent an abuse of discretion. *Peleton, Inc. v. McGivern's Inc.*, 375 Ill. App. 3d 222, 225 (2007).

¶ 24        In the prior appeal, plaintiff challenged the circuit court's order granting attorney fees and costs on a number of grounds, including that the court abused its discretion by failing to conduct an evidentiary hearing, and this court affirmed that order. *American Service Insurance*, 402 Ill. App. 3d at 529-31. While we found that plaintiff had waived numerous arguments, we made no such finding as to plaintiff's claim that it was entitled to an evidentiary hearing and addressed that issue on the merits. *Id.* We began our analysis by determining that the cases cited by plaintiff in support of its claim that it was entitled to an evidentiary hearing were distinguishable because they did not involve a declaratory judgment action concerning an insurer's duty to defend. *Id.* at 529. We then noted that COSCO and Interpool had asserted that plaintiff was not entitled to an evidentiary hearing because it had failed to show that any evidence could or would be presented at such a hearing and that the circuit court agreed with the argument made below by COSCO and Interpool that the fees were *prima facie* reasonable because they had been paid. *Id.* We then proceeded to discuss the Seventh Circuit's decision in *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1075-77 (7th Cir. 2004), in which the court held that the insurer was not entitled to an evidentiary hearing as to the reasonableness of the fees and costs incurred by the insured in defending the underlying action. *American Service Insurance*, 402 Ill. App. 3d at 520. In doing so, the court reasoned that an insured has an incentive to minimize its legal expenses when its insurer denies that it has any duty to defend the insured, that an insurer that refuses to assume the defense of an insured relies on the insured's incentive to minimize its legal expenses, and that an insurer's duty to defend would be significantly undermined if the insurer could obtain an evidentiary hearing on the reasonableness of the insured's defense costs by hiring an audit firm to pick apart a law firm's billing. *Taco Bell*, 388 F.3d at 1076-77.

¶ 25        In granting the supplemental fee petition, the circuit court stated that the law of the case doctrine did not preclude plaintiff from receiving an evidentiary hearing on the supplemental fee petition because this court's decision that the circuit court did not abuse its discretion by granting the original fee petition without an evidentiary hearing was not controlling as to whether such a hearing should be conducted on the supplemental petition. The court also stated that neither this court's decision on appeal nor the *Taco Bell* decision provided that a party is never entitled to an evidentiary hearing on a petition for attorney fees in a declaratory judgment action and that those decisions only shifted the burden of persuasion as to the necessity of an evidentiary hearing to the party challenging the fee petition. The court explained that the fees in the supplemental petition were presumptively reasonable and that plaintiff bore the burden of rebutting that presumption and stated that plaintiff must identify specific evidentiary issues

which required an evidentiary hearing and make an offer of proof regarding the evidence it intended to elicit at an evidentiary hearing to demonstrate that such a hearing was necessary. The court concluded that plaintiff did not meet its burden as to the necessity of an evidentiary hearing because counsel for plaintiff only identified one specific entry during argument on the supplemental fee petition about which counsel wanted to cross-examine the billing attorney and the reasonableness of that entry was sufficiently established by counsel for COSCO and Interpool.

¶ 26 Plaintiff asserts that the court abused its discretion by determining that it was required by the law of the case doctrine to follow the holding in *Taco Bell* in deciding whether to conduct an evidentiary hearing on the supplemental fee petition because this court did not adopt the holding in *Taco Bell* in the prior appeal, but only recited that holding while summarizing the arguments made by COSCO and Interpool. In the prior appeal, this court affirmed the circuit court's grant of attorney fees on the initial petition and, in doing so, necessarily affirmed the court's decision that an evidentiary hearing was unnecessary. We addressed the issue of whether the court abused its discretion by deciding that an evidentiary hearing was unnecessary, found the cases cited by plaintiff on that issue to be distinguishable, and set forth the arguments made by COSCO and Interpool which were adopted by the circuit court. While this court did not explicitly adopt the holding in *Taco Bell*, we extensively quoted its reasoning, which supported the circuit court's decision that an evidentiary hearing was unnecessary. Thus, regardless of whether this court adopted the *Taco Bell* holding in its entirety, we affirmed the circuit court's decision to grant the fee petition without conducting an evidentiary hearing and thereby held that on a fee petition in a declaratory action regarding an insurer's duty to defend, the fees are *prima facie* reasonable if they have been paid and the insurer bears the burden of identifying evidence which would be elicited in an evidentiary hearing to overcome that *prima facie* finding of reasonableness to be entitled to an evidentiary hearing. That legal determination as to the standard which should be applied in determining whether to conduct an evidentiary hearing in this specific context settled the issue and was binding on the circuit court, and the court did not abuse its discretion when it used that exact standard to determine whether plaintiff was entitled to an evidentiary hearing on the supplemental fee petition.

¶ 27 Moreover, we agree with the approach taken by the court in *Taco Bell* and followed by this court and the circuit court in the prior proceedings, which treats the attorney fees paid by the insured as presumptively reasonable in this context, because an insured has a financial incentive to ensure that the attorney fees it pays are reasonable when it is uncertain whether those fees will be reimbursed by the insurer. This approach does not preclude an insurer from challenging the reasonableness of attorney fees, but only requires the insurer to identify evidence which it intends to elicit at an evidentiary hearing which could overcome that presumption. As such, an insurer's right to challenge attorney fees is preserved while an insured is protected against frivolous or unfounded challenges by an insurer designed to delay payments of reasonable attorney fees.

¶ 28 Plaintiff also asserts that the court abused its discretion by applying the law of the case doctrine to the supplemental petition because this court's prior holding regarding the initial fee petition was not binding as to the supplemental fee petition as the facts underlying those separate petitions are different. However, the circuit court reached that exact conclusion when it stated that this court's decision that the circuit court did not abuse its discretion by granting

the initial fee petition without an evidentiary hearing was not binding as to whether such a hearing should be conducted on the supplemental fee petition. Thus, the circuit court correctly drew a distinction between the purely legal issue of deciding what standard should be used to determine whether an evidentiary hearing is necessary and the separate issue of applying the relevant facts to that legal standard to decide whether to conduct such a hearing and correctly determined that our decision in the prior appeal was binding as to the legal issue of what standard should be used and was not binding as to the application of the facts in the separate petitions to that standard. As such, the court did not base its ultimate decision that an evidentiary hearing was not warranted on the law of the case doctrine, and plaintiff's claim that the court abused its discretion by doing so is contradicted by the record.

¶ 29   In addition, we point out that plaintiff only asserts that the circuit court misapplied the law of the case doctrine and relied on the wrong standard in determining whether to conduct an evidentiary hearing. Plaintiff does not assert that the court abused its discretion in the application of that standard when it found that an evidentiary hearing was not warranted because plaintiff did not identify specific evidentiary issues which required an evidentiary hearing. To the extent plaintiff asserts that the objections in its response to the supplemental fee petition were sufficient to warrant an evidentiary hearing, it does so under the substantially more lenient standard which provides that a court should generally conduct an evidentiary hearing upon the request of the losing party in protracted litigation involving multiple complex issues (*Trossman v. Philipsborn*, 373 Ill. App. 3d 1020, 1058 (2007)). As such, plaintiff has forfeited any claim that the circuit court abused its discretion by finding that plaintiff had not identified specific evidentiary issues which required an evidentiary hearing. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) ("Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Regardless, the court did not abuse its discretion by determining that plaintiff had not identified specific evidentiary issues which required an evidentiary hearing, as counsel for plaintiff only identified one specific fee entry upon which he wanted to cross-examine the billing attorney during argument on the supplemental fee petition and that entry was addressed by counsel for COSCO and Interpool to the satisfaction of the court.

¶ 30   We further point out that plaintiff only challenges the circuit court's interpretation of this court's decision in the prior appeal and does not contend that this court's decision is palpably erroneous or attempt to avail itself of the exception to the law of the case doctrine which exists for such cases. As such, we do not revisit our prior decision or consider whether that exception to the law of the case doctrine applies in this case. Accordingly, we conclude that the circuit court did not abuse its discretion by denying plaintiff's request for an evidentiary hearing on the supplemental fee petition.

¶ 31                                    B. Reasonableness

¶ 32   Plaintiff contends that the court abused its discretion when it granted the supplemental fee petition because it applied the wrong legal standard in determining the reasonableness of the fees in the petition and failed to make any findings as to whether those fees were reasonable. COSCO and Interpool respond that the court correctly applied the standard set forth in this court's holding in the prior appeal and correctly determined that COSCO and Interpool met their burden of proof as to the reasonableness of the fees in the supplemental petition.

¶ 33    Plaintiff asserts that the circuit court misinterpreted this court's opinion in the prior appeal and incorrectly found that it was required by the law of the case doctrine to apply the standard set forth in *Taco Bell* to determine the reasonableness of the fees in the supplemental petition. In the prior appeal, this court stated that the circuit court agreed with the argument that the payment of the fees in the initial petition established a *prima facie* showing that those fees were reasonable and then discussed the *Taco Bell* decision, which set forth the reasons why such a procedure was preferable in the context of a fee petition in a declaratory judgment action concerning an insurer's duty to defend in which the insurer refused to assume the defense of the insured in the underlying action. *American Service Insurance*, 402 Ill. App. 3d at 529-30. Although this court did not explicitly state that the circuit court took the correct approach in determining whether the fees in the petition were reasonable, we affirmed its decision to grant attorney fees, quoted the *Taco Bell* decision at length, and explicitly rejected all of plaintiff's claims regarding the issue of attorney fees. *Id.* at 529-31. As such, this court's decision in the prior appeal settled the legal issue of what standard should be used in determining the reasonableness of fees in a fee petition in this context and that decision was binding on the circuit court under the law of the case doctrine.

¶ 34    Plaintiff maintains, however, that the law of the case doctrine does not apply to the supplemental fee petition because this court's conclusion that the fees in the initial petition were reasonable was based on plaintiff's waiver of that issue on appeal and not on our agreement with the standard employed by the circuit court or the court's use of that standard in determining the reasonableness of the fees in the initial petition. While this court affirmed the circuit court's ultimate finding that the fees in the initial petition were reasonable on the basis of plaintiff's waiver of that issue on appeal, the issue of the standard which should be used in determining the reasonableness of fees is separate and distinct from the application of the relevant facts to that standard. Thus, our ultimate finding that plaintiff waived its claim that the fees awarded on the initial petition were unreasonable does not affect our earlier discussion regarding the standard which should be used in determining whether the fees were reasonable.

¶ 35    Plaintiff also asserts that the court abused its discretion by failing to make any findings regarding the reasonableness of the fees. In the prior appeal, plaintiff claimed that fees arising from the declaratory action filed by COSCO and Interpool against Frontline were not recoverable and that the fees awarded were unreasonable and excessive in light of the amount of fees paid by Frontline, and this court rejected both claims on the basis that plaintiff waived those claims by failing to present a sufficiently complete record. *Id.* at 531. As such, the issues of whether plaintiff was required to pay the fees arising from the action COSCO and Interpool filed against Frontline and whether the fees paid by COSCO and Interpool were excessive in light of the fees paid by Frontline so as to overcome the *prima facie* showing of reasonableness established by the payment of the fees were determined by this court in the prior appeal and plaintiff was barred from relitigating those issues by the law of the case doctrine. In addition, the court stated that the fees were *prima facie* reasonable because they had been paid, that counsel for plaintiff only identified one seemingly unreasonable entry during argument on the petition, and that counsel for COSCO and Interpool sufficiently addressed that entry. The court also stated that although "sometimes two or three activities were put together and it was not necessarily clear how much was spent on each of those two or three activities," the fees in the petition did not constitute "block billing," and that some entries which were recorded as relating to a declaratory judgment action were actually incurred in relation to a proceeding that

- 11 -

was part of the defense in the underlying actions. Thus, the record shows that the circuit court addressed the issues relating the reasonableness of the fees in the supplemental petition which had not already been resolved by this court in the prior appeal. Accordingly, we conclude that the circuit court did not abuse its discretion by finding that the fees in the supplemental petition were reasonable.

¶ 36 Also, we point out that plaintiff only asserts that the circuit court employed the wrong standard in determining the reasonableness of the fees in the supplemental petition and failed to make findings regarding their reasonableness, and not that the court's finding that plaintiff had failed to overcome the *prima facie* showing of reasonableness was incorrect. As such, we need not consider whether the court abused its discretion when it found that plaintiff had failed to overcome the presumption that the fees in the supplemental petition were reasonable.

¶ 37 Further, plaintiff asserts that the doctrine of *res judicata* bars COSCO and Interpool from recovering attorney fees and costs on the supplemental fee petition because our decision in the prior appeal conclusively determined the amount of recoverable attorney fees and costs arising from the underlying actions. However, the circuit court's order granting the initial fee petition, which was affirmed on appeal, required plaintiff to pay the fees in the initial petition in addition to any further attorney fees and costs incurred in the ongoing defense of the underlying actions. Thus, COSCO and Interpool are not barred by the doctrine of *res judicata* from recovering the fees in the supplemental fee petition.

¶ 38 C. Prejudgment Interest

¶ 39 Plaintiff contends that the court's award of prejudgment interest was against the manifest weight of the evidence. A circuit court's decision as to whether to award prejudgment interest will not be disturbed unless it is against the manifest weight of the evidence. *Federal Insurance Co. v. Binney & Smith, Inc.*, 393 Ill. App. 3d 277, 297 (2009). Prejudgment interest will only be awarded if the underlying amount due was liquidated or is easily computed. *New Hampshire Insurance Co. v. Hanover Insurance Co.*, 296 Ill. App. 3d 701, 709 (1998).

¶ 40 Plaintiff asserts that the underlying amount due could not be easily computed because the court failed to conduct a proper hearing as to the reasonableness of the fees in the supplemental petition and the amount of recoverable fees could be adjusted after a proper hearing is conducted. Having concluded that the circuit court did not abuse its discretion by denying plaintiff's request for an evidentiary hearing or finding that the fees in the supplemental petition were reasonable, the amount of recoverable fees is not subject to adjustment upon a subsequent hearing and the amount of recoverable fees underlying the prejudgment interest award is easily computed.

¶ 41 III. Motion to Reconsider

¶ 42 Plaintiff contends that the circuit court abused its discretion by denying plaintiff's motion to reconsider its denial of plaintiff's discovery request and grant of the supplemental petition. The purpose of a motion to reconsider is to allow a party to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law. *Martinez v. River Park Place, LLC*, 2012 IL App (1st) 111478, ¶ 23. The decision to deny a motion for reconsideration lies within the sound discretion of the circuit court and

will not be disturbed absent an abuse of that discretion. *Midway Park Saver v. Sarco Putty Co.*, 2012 IL App (1st) 110849, ¶ 17.

¶ 43    Plaintiff first asserts that the court should have granted the motion for reconsideration on the basis that it had misapplied the law of the case doctrine when it denied plaintiff's request for discovery and granted the supplemental fee petition. As we have already concluded that the court correctly applied the law of the case doctrine in denying plaintiff's request for discovery and granting the supplemental fee petition, we necessarily also conclude that the court did not abuse its discretion by denying the motion to reconsider on that basis.

¶ 44    Plaintiff also asserts that the court abused its discretion by failing to consider the newly discovered evidence plaintiff attached to the motion to reconsider. To justify reconsideration of an order on the basis of newly discovered evidence, the evidence claimed to be newly discovered must not have been available to the party bringing the motion prior to the hearing which resulted in the order giving rise to the motion. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 30.

¶ 45    Plaintiff attached a number of documents to its motion to reconsider and supporting reply, including an affidavit from one of its attorneys averring that a search of cases in the circuit court revealed two lawsuits in which COSCO and Interpool sought defense and indemnification from other insurers, various orders and pleadings from those lawsuits, and an affidavit from one of its attorneys averring that the attorney was not aware of those lawsuits or that COSCO and Interpool had tendered their defense to an entity other than plaintiff. The orders and pleadings attached to the motion to reconsider were all filed between 2005 and 2007 and demonstrate that both actions had been initiated by the end of 2005. Plaintiff has not explained why it did not discover this evidence prior the circuit court's February 7, 2012, denial of its discovery request or this court's decision in the prior appeal, which was filed on June 16, 2010. As such, the evidence presented by plaintiff in its motion to reconsider was available to plaintiff prior to the entry of the court's order granting the supplemental fee petition and cannot justify reconsideration of that order. In addition, the purpose of the allegedly newly discovered evidence was to show that plaintiff did not owe COSCO and Interpool a duty to defend because they did not exclusively tender their defense to plaintiff and, for the reasons we have previously stated, that issue was resolved in the prior appeal and plaintiff was barred by the law of the case doctrine from relitigating that issue.

¶ 46    Plaintiff further asserts that the court abused its discretion by failing to consider the affidavit of Patrick O'Connor regarding the attorney fees incurred by Frontline in the defense of the underlying actions from 2003 to 2011. Plaintiff, however, has not provided any explanation as to why it could not obtain this affidavit prior to the entry of the court's March 22, 2012, order granting the supplemental fee petition. Moreover, the issue of whether the fees paid by COSCO and Interpool were excessive in light of those paid by Frontline so as to overcome *the prima facie* showing of reasonableness established by the payment of the fees was settled by this court in the prior appeal and plaintiff was barred from relitigating that issue by the law of the case doctrine. Accordingly, we conclude that the circuit court did not abuse its discretion by denying plaintiff's motion to reconsider.

¶ 47                                    IV. Sanctions
¶ 48                                    A. Section 155

¶ 49        COSCO and Interpool contend that the court erred by denying their request for sanctions pursuant to section 155 of the Insurance Code. Under section 155, a court may require an insurer to pay a portion of its insured's attorney fees for causing an unreasonable delay in settling a claim if the insurer's conduct giving rise to the delay is vexatious or unreasonable. 215 ILCS 5/155(1) (West 2010). A court's decision regarding whether to grant attorney fees pursuant to section 155 is generally reviewed under an abuse of discretion standard. *Statewide Insurance Co. v. Houston General Insurance Co.*, 397 Ill. App. 3d 410, 425 (2009). However, a reviewing court will apply a *de novo* standard of review when the court's section 155 determination is made in the context of a ruling on a motion for judgment on the pleadings (*Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 160 (1999)) or on a motion for summary judgment (*Mobil Oil Corp. v. Maryland Casualty Co.*, 288 Ill. App. 3d 743, 751 (1997)), as the applicable standard of review of a judgment on the pleadings or summary judgment is *de novo*. *Siwek v. White*, 388 Ill. App. 3d 152, 160 (2009). In this case, COSCO and Interpool requested attorney fees pursuant to section 155 in their supplemental fee petition and the court denied their request for fees when it granted that petition. As an order awarding attorney fees generally will not be disturbed absent an abuse of discretion (*Peleton*, 375 Ill. App. 3d at 225), we will review the court's decision not to award attorney fees pursuant to section 155 in this case under an abuse of discretion standard as well.

¶ 50        COSCO and Interpool assert that they are entitled to an award of attorney fees under section 155 because plaintiff has caused an unreasonable delay in response to the supplemental fee petition by raising various meritless arguments before this court and the circuit court which had already been rejected numerous times in prior proceedings. However, as the circuit court pointed out during argument on the supplemental fee petition, this court's opinion affirming the decisions to grant the initial fee petition and not to conduct an evidentiary hearing on that petition did not preclude plaintiff from seeking an evidentiary hearing on the supplemental fee petition or challenging the reasonableness of the fees set forth therein. Accordingly, we conclude that the court did not abuse its discretion by denying the section 155 request for attorney fees by COSCO and Interpool because plaintiff was not barred from requesting an evidentiary hearing or challenging the reasonableness of the fees in the supplemental petition and any delay it caused by doing so is not so unreasonable or vexatious as to warrant an award of attorney fees under section 155 of the Insurance Code.

¶ 51                                         B. Rule 375(b)
¶ 52        COSCO and Interpool also contend that this court should impose sanctions under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) and award them attorney fees and costs incurred in defending this appeal because plaintiff's appeal is frivolous and brought in bad faith. Under Rule 375(b), an appropriate sanction may be imposed upon any party or the attorney of any party if, after consideration of the appeal by the reviewing court, it is determined that the appeal is frivolous, was not taken in good faith, or was brought for an improper purpose, such as to cause unnecessary delay. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). "An appeal or other action will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and will be deemed to have been taken for an improper purpose when its primary purpose is "to delay, harass, or cause needless expense." *Id.*

¶ 53    COSCO and Interpool assert that plaintiff's claims and arguments raised in this appeal have been repeatedly rejected in prior proceedings and, therefore, it is clear that plaintiff's appeal is frivolous and brought in bad faith. However, as plaintiff was not precluded from requesting an evidentiary hearing on the supplemental fee petition or challenging the reasonableness of the fees set forth therein by this court's decision in the prior appeal, plaintiff was entitled to appeal the circuit court's decision to grant the supplemental fee petition without conducting an evidentiary hearing. In addition, while we disagree with plaintiff's interpretation of this court's opinion in the prior appeal, we do not find that interpretation to be so unreasonable as to indicate that the appeal was brought in bad faith. Thus, we decline to impose sanctions pursuant to Rule 375(b).

¶ 54                                      CONCLUSION
¶ 55    Accordingly, we affirm the judgment of the circuit court of Cook County.

¶ 56    Affirmed.